# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-493V
Filed: June 9, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ROBERT HEARN, * | |
| * | |
| Petitioner, * | |
| v. * | |
| * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Isaiah Richard Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 20, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barre Syndrome ("GBS") and/or chronic inflammatory demyelinating polyneuropathy ("CIDP") caused by his September 8, 2013 influenza vaccination. On January 12, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 31.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 23, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 36.) Petitioner requests attorneys' fees in the amount of $33,971.40 and attorneys' costs in the amount of $2,538.22 for a total amount of $36,509.62. *Id.* at 2. In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.

On May 31, 2017, respondent filed a response to petitioner's motion. (ECF No. 37). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On June 5, 2017, petitioner filed a reply. (ECF No. 38.) Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request. The undersigned reduces petitioner's counsel's hourly rate by 50% for 10.3 hours of travel time consistent with routine practice in this program, resulting in a reduction of $1,797.35.[3] *See, e.g., Hocraffer v. HHS,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."); *J.L.D. v. HHS*, No. 15-716V, 2017 WL 563189, at *4 (Fed. Cl. Jan. 18, 2017) ("Upon further review of the billing records, I noted that [petitioner's counsel] billed a total of 19.6 hours of travel time in 2015. While an attorney may bill for work performed while traveling, special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program." (internal citations omitted)).

Additionally, the undersigned notes that counsel of record billed one hour of time at his 2016 hourly rate of $349 per hour on June 21, 2016, scheduling his client visit and booking travel arrangements. (ECF No. 36-1, p. 7.) He also billed at the same rate .4 hours on July 6, 2016, to rebook flight, hotel, and car arrangements, and a further .3 hours on July 26, 2016, organizing his travel receipts for reimbursement. (ECF No 36-1, pp. 8-9.) These tasks are better characterized as secretarial in nature and are therefore not compensable. *See, e.g. Mooney v. HHS*, No. 05-266, 2014 WL 7715158, at *11 (Fed. Cl. Spec. Mstr. Dec. 29, 2014)(noting that "tasks which are secretarial in nature

---

[3] Counsel's travel occurred on July 6-7, 2016, at which time his hourly rate was $349 per hour. (*See* ECF No. 36-1, pp. 8-9.) Significantly, although counsel appeared to have worked at least part of the time he was travelling, this work is recorded in separate billing entries. The rate reduction is for entries which reflect that no work was performed.

represent overhead expenses and are thus not compensable.")  Thus, the undersigned reduces petitioner's counsel's fees by $593.30.

In the undersigned's experience, the request otherwise appears reasonable, and the undersigned finds no cause to further reduce the requested rates or hours.  Thus, in light of the above-identified reductions, the undersigned reduces attorneys' fees in this case by a total of $2,390.65.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $34,118.97[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Isaiah Richard Kalinowski, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.